**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6026

ANTONIO L. ROBBINS,

Petitioner – Appellant,

v.

WARDEN, KERSHAW CORRECTIONAL INSTITUTION,

Respondent – Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Joseph Dawson, III, District Judge. (6:23-cv-01380-JD)

Submitted: October 8, 2025                         Decided: November 26, 2025

Before NIEMEYER, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Niemeyer and Judge Rushing joined.

**ON BRIEF:** Elizabeth Anne Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant. Alan Wilson, Attorney General, Donald J. Zelenka, Deputy Attorney General, Melody J. Brown, Senior Assistant Deputy Attorney General, R. Brandon Larrabee, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

The district court denied federal habeas relief to Antonio Robbins, who is serving a sentence of imprisonment imposed by a South Carolina state court. We affirm.

A federal court may not grant habeas relief based on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that": (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Additionally, any "determination of a factual issue made by [the] State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting th[at] presumption . . . by clear and convincing evidence." § 2254(e)(1).

When, as here, the state court rejected an ineffective assistance of counsel claim, a federal court's review is "doubly deferential." *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (per curiam) (quotation marks removed). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* [*v. Washington*, 446 U.S. 668 (1984),] with unreasonableness under § 2254(d)." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Accordingly, we do not ask "whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

After a South Carolina state court denied him postconviction relief, Robbins filed a petition for habeas corpus, raising two claims of ineffective assistance of trial counsel. The

2

district court granted summary judgment to the respondent and dismissed both claims. We review that decision de novo. See *Bostick v. Stevenson*, 589 F.3d 160, 163 (4th Cir. 2009).

Robbins' lead argument is that trial counsel was ineffective because he failed to obtain evidence about an earlier controlled-buy investigation, including an audio recording of the alleged controlled buy. Although the controlled buy was not the immediate source of the charges against Robbins, officers relied on it to justify a search warrant that, in turn, led to the drug charges for which Robbins was ultimately convicted.

The state postconviction court concluded that that argument failed both *Strickland*'s performance and prejudice prongs, but we reach only the prejudice prong. There, the postconviction court emphasized two points. First, Robbins "failed to introduce a copy of th[e] audio recording at the evidentiary hearing," so the court could "only . . . speculate as to what benefit would have been realized from this recording." JA 445. Second, "the [controlled] buy was not the subject of [Robbins'] trial, and the State never mentioned the [controlled] buy at [his] trial." *Id.*

Both determinations warrant deference under Section 2254(d), and we conclude neither was "objectively unreasonable." *Cox v. Weber*, 102 F.4th 663, 672 (4th Cir. 2024) (quotation marks removed). As the respondent points out, Robbins could not show that counsel's failure to obtain the audio recording prejudiced him without first establishing what the audio recording said. See Resp. Br. 12. And Robbins' conclusory assertions that the controlled-buy investigation was "intrinsically linked" to his later drug charges (Robbins Br. 13)—and that not having discovery about the former prevented him from

3

putting on a defense to the latter—are insufficient to show the postconviction court's no-prejudice determination was objectively unreasonable.

Robbins' other argument is that his trial counsel provided ineffective assistance by failing to object to the qualification of—and allegedly prejudicial testimony by—the prosecution's expert witness. To begin, the postconviction court determined that any objection to the witness's qualification as an expert would have failed under South Carolina evidence law, which forecloses any argument that Robbins was prejudiced by counsel's failure to object to those qualifications. Put another way, even if Robbins' counsel had objected, the trial court would still have allowed the expert testimony. That leaves the witness's allegedly prejudicial statement about mid- or high-level drug dealers. The postconviction court rejected Robbins' reading of the trial transcript, concluding that the witness "merely made a comparison between the amount of drugs found in [Robbins'] truck and the levels of drugs commonly sold on the streets." JA 447–48. Here too, we cannot conclude that the postconviction court's determination was "objectively unreasonable." *Cox*, 102 F.4th at 672 (quotation marks removed); see also 28 U.S.C. § 2254(d)(2), (e)(1).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment is

*AFFIRMED*.

4